TALISHA VALDEZ, on behalf of herself and others..., Not Reported in Fed....

Appellate Case: 22-1027     Document: 010110698456     Date Filed: 06/16/2022     Page: 1

2022 WL 2129071
Only the Westlaw citation is currently available.
United States Court of Appeals, Tenth Circuit.

TALISHA VALDEZ, on behalf of herself
and others similarly situated; JENNIFER
BLACKFORD, on behalf of herself and others
similarly situated, Plaintiffs - Appellants,

v.

MICHELLE LUJAN GRISHAM, officially and
individually, acting under the color of law; DAVID
SCRASE, officially and individually, acting
under the color of law, Defendants - Appellees.

No. 21-2105
|
June 14, 2022

(D.C. No. 1:21-CV-00783-MV-JHR)

(D. N.M.)

Before TYMKOVICH, Chief Judge, HARTZ and McHUGH, Circuit Judges.

### ORDER AND JUDGMENT*

Carolyn B. McHugh Circuit Judge

**\*1** In this interlocutory appeal, Jennifer Blackford, a nurse, challenges the district court's order denying a preliminary injunction against a public health order requiring hospital and congregate care facility workers in New Mexico to be vaccinated against COVID-19. On appeal, Ms. Blackford supports her request for a preliminary injunction with three claims arising from the United States Constitution: a Contracts Clause claim, a substantive due process claim, and an equal protection claim. Because we lack jurisdiction to consider the preliminary injunction based on Ms. Blackford's Contracts Clause claim and the district court did not abuse its discretion by concluding she was not likely to succeed on the merits of her substantive due process and equal protection claims, we affirm the denial of the preliminary injunction.

### I. BACKGROUND

In 2019, experts discovered the emergence of a novel coronavirus known as SARS-CoV-2. This virus causes a dangerous respiratory disease in humans known as Coronavirus Disease 2019 or COVID-19. COVID-19 has spread rapidly throughout the world since then. In March 2020, the first case of COVID-19 in New Mexico was diagnosed, and Governor Michelle Lujan Grisham issued Executive Order 2020-004 declaring a state of public health emergency. The first vaccines for COVID-19 became available in the United States in late 2020.

On August 17, 2021, Acting Secretary of the New Mexico Department of Health, David R. Scrase, M.D., issued the Public Health Emergency Order Requiring All School Workers Comply with Certain Health Requirements and Requiring Congregate Care Facility Workers, Hospital Workers, and Employees of the Office of the Governor Be Fully Vaccinated (the "PHO"). As relevant to this appeal, the PHO requires hospital workers and congregate care facility workers to be fully vaccinated against COVID-19 unless they have a qualifying medical condition such that immunization would endanger their health or they are entitled to an accommodation related to a disability or a sincerely held religious belief. The next day, Ms. Blackford's employer, Presbyterian Healthcare Services ("Presbyterian"), implemented a private requirement for all Presbyterian employees to be vaccinated against COVID-19. Colleen Heild, *Presbyterian requires vaccines for entire workforce of 13,000*, Albuquerque Journal (Aug. 18, 2021, 10:03 PM), https://www.abqjournal.com/2420650/presbyterian-requires-vaccines-for-entireworkforce-of-13000-ex-pnm-is-asking-all-staff-to-get-vaccinated-or-be-tested-weekly.html

Ms. Blackford worked at Presbyterian Hospital and was therefore subject to the PHO's vaccine requirements. Ms. Blackford is opposed to receiving a COVID-19 vaccine, and she alleges she does not qualify for the exemptions. According to Ms. Blackford, the PHO requires affected employers to terminate employees in her position. Thus, on August 19, Ms. Blackford brought a complaint against Governor Lujan Grisham and Dr. Scrase (together, the "Appellees") challenging the constitutionality of the PHO.[1] As relevant here, Ms. Blackford alleges the PHO violates (1) the Contracts Clause, (2) substantive due process, and (3) the Equal Protection Clause.[2] She also requested a preliminary injunction against the enforcement of the PHO. The district court denied the request for a preliminary injunction because Ms. Blackford was not likely to succeed on the merits of her claims, she had not shown irreparable harm, and the

TALISHA VALDEZ, on behalf of herself and others..., Not Reported in Fed....

Appellate Case: 22-1027     Document: 010110698456     Date Filed: 06/16/2022     Page: 2

balance of harms and the public interest weighed against the preliminary injunction. Ms. Blackford appeals the denial via an interlocutory appeal pursuant to 28 U.S.C. § 1292.

## II. DISCUSSION

**\*2** On appeal, Appellees contend this court lacks jurisdiction to review the preliminary injunction order because Ms. Blackford lacks standing. Ms. Blackford disagrees and argues the district court abused its discretion when it denied the preliminary injunction. We begin with the jurisdictional issue and then turn to the merits of the preliminary injunction.

### *A. Jurisdiction*

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' " Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157 (2014) (quoting U.S. Const., Art. III, § 2). "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.' " *Id.* (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.' " Id. at 157–58 (quoting Lujan, 504 U.S. at 560–61). "[S]tanding is assessed as of the time of filing of the complaint." Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1224 (10th Cir. 2011). It is Ms. Blackford's burden to show she has standing to sue on each of her claims. Lujan, 504 U.S. at 561.

We also lack jurisdiction to consider claims that are moot. Citizen Ctr. v. Gessler, 770 F.3d 900, 906 (10th Cir. 2014). "Mootness usually results when a plaintiff has standing at the beginning of a case, but, due to intervening events, loses one of the elements of standing during litigation." WildEarth Guardians v. Pub. Serv. Co. of Colo., 690 F.3d 1174, 1182 (10th Cir. 2012). We analyze whether a plaintiff has standing or whether a claim is moot as to "each form of relief sought." Prison Legal News v. Fed. Bureau of Prisons, 944 F.3d 868, 880 (10th Cir. 2019) (quotation marks omitted) (considering whether the action is moot as to each form of relief sought); Collins v. Daniels, 916 F.3d 1302, 1314 (10th Cir. 2019) (considering whether the plaintiff has standing as to each form of relief sought). For purposes of this appeal, we limit our analysis to whether Ms. Blackford has standing or whether her claims are moot in relation to her request for injunctive relief. We make no judgment about whether she has standing as to other forms of relief not before us in this interlocutory appeal.

Ms. Blackford argues the PHO violates the Contracts Clause of the United States Constitution because it negatively impacts her employment contract with Presbyterian by requiring her to be vaccinated against COVID-19 to continue her employment. Ms. Blackford also argues this negative impact constitutes an injury for standing purposes.

Importantly, however, the PHO is not the only COVID-19 vaccine mandate that applies to Presbyterian employees. The day after the PHO went into effect, Presbyterian announced its own, broader vaccine requirement for all employees. Later, the Center for Medicare and Medicaid Services ("CMS") also issued an interim final rule with comment period ("IFC") requiring staff at Medicare and Medicaid-certified hospitals to be vaccinated. 86 Fed. Reg. 61555, 61570–71 (Nov. 5, 2021).[3] We take judicial notice of the IFC, and we take judicial notice that Presbyterian is Medicare and Medicaid-certified and thus governed by CMS and the IFC. *See id.*; Presbyterian Healthcare Services, Medicare.gov, https://www.medicare.gov/care-compare/details/group-practice/9234041708?addressId=NM871245901RI4100XSEXX500&state=NM#ProviderDetailsAffiliatedCliniciansGroupContainer (listing Presbyterian Healthcare Services as a Medicare and Medicaid-certified group practice); *see also* Renewable Fuels Ass'n v. EPA, 948 F.3d 1206, 1258 (10th Cir. 2020), *vacated on other grounds by* HollyFrontier Cheyenne Ref'g, LLC v. Renewable Fuels Ass'n, 141 S. Ct. 2172 (2021) ("Information on a government website is subject to notice if, among other things, it is not subject to reasonable factual dispute and part of a source whose accuracy cannot reasonably be questioned." (internal quotation marks omitted)); United States v. Coffman, 638 F.2d 192, 194 (10th Cir. 1980) ("Judicial notice must be taken of relevant contents of the Federal Register."). If we were to grant a preliminary injunction against the PHO today, Ms. Blackford would still be required to be vaccinated to work at Presbyterian because of Presbyterian's own requirement and the IFC. Thus, the

injury associated with Ms. Blackford's Contracts Clause claim is not redressable by enjoining the PHO.

**\*3** Ms. Blackford, however, contends Presbyterian implemented its private vaccine requirement only because of the PHO. Accordingly, Ms. Blackford asserts Presbyterian's vaccine requirement would be lifted if we granted a preliminary injunction against the PHO. Even if that is true, Ms. Blackford's request for a preliminary injunction based on the Contracts Clause claim is nevertheless moot because the IFC went into effect after Ms. Blackford brought her complaint and independently requires Presbyterian employees to be vaccinated against COVID-19. In either case, we do not have jurisdiction to grant injunctive relief based on her Contracts Clause claim.

As for Ms. Blackford's substantive due process and equal protection claims, the alleged injury is that she will no longer be able to work as a nurse anywhere in New Mexico so long as the PHO is in effect and she remains unvaccinated. This is an exaggeration of the effect of the PHO, which, as relevant to Ms. Blackford, requires only "hospital workers [and] congregate care facility workers" to be fully vaccinated against COVID-19. App. at 33. Under the PHO, Ms. Blackford could remain unvaccinated and work as a nurse in a doctor's office or as a home health care nurse or anywhere else that is not a hospital or a congregate care facility. Nevertheless, the limitation of Ms. Blackford's ability to work in a hospital or congregate care facility in New Mexico without being vaccinated is an actual injury to Ms. Blackford caused by the PHO. Moreover, there is no evidence in the record that all hospitals and congregate care facilities in New Mexico have private vaccine requirements or are governed by CMS and the IFC. Enjoining the PHO would therefore lift the COVID-19 vaccine requirement and allow Ms. Blackford to work at a hospital or congregate care facility in New Mexico other than Presbyterian without being fully vaccinated.

In sum, Ms. Blackford has standing for injunctive relief based on her substantive due process and equal protection claims, but we lack jurisdiction to review the district court's denial of injunctive relief based on the Contracts Clause claim. Therefore, we review the denial of the preliminary injunction only as it relates to Ms. Blackford's substantive due process and equal protection claims.

### B. Preliminary Injunction

To receive a preliminary injunction, a plaintiff must establish four elements: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect public interest." Diné *Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation marks omitted). "We review the district court denial of a preliminary injunction for an abuse of discretion." *Id.* "An abuse of discretion occurs where a decision is premised on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *State v. EPA*, 989 F.3d 874, 883 (10th Cir. 2021) (quotation marks omitted). We begin by reviewing the district court's conclusion that Ms. Blackford is not substantially likely to prevail on the merits of the substantive due process and equal protection claims.

Although substantive due process and equal protection are distinct constitutional doctrines, the "substantive analyses" of the two doctrines often "converge." *Powers v. Harris*, 379 F.3d 1208, 1215 (10th Cir. 2004). Ms. Blackford's challenges to the district court's conclusions on these two claims are identical, so we consider them together.

**\*4** Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Id.* (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). Equal protection requires a state to provide equal treatment to those who are similarly situated, "with its 'central purpose [being] the prevention of official conduct discriminating on the basis of race [or other suspect classifications].' " *Id.* (quoting *Washington v. Davis*, 426 U.S. 229, 239 (1976)). Under both doctrines, courts begin by determining the proper level of scrutiny to apply.

For a substantive due process claim challenging a legislative-type action, we first ask whether the government action implicates a fundamental right. *Halley v. Huckaby*, 902 F.3d 1136, 1153 (10th Cir. 2018).[4] If so, we apply strict scrutiny to the government action. *Maehr v. U.S. Dep't of State*, 5 F.4th 1100, 1109 (10th Cir. 2021) (Lucero, J., concurring). Likewise, for an equal protection claim, we apply strict

scrutiny to a government action that "target[s] a suspect class or involve[s] a fundamental right." [Save Palisade FruitLands v. Todd](), 279 F.3d 1204, 1210 (10th Cir. 2002). If a heightened level of review does not apply, courts consider whether the government action is rationally related to a legitimate government purpose. *Id.* (including rational-basis review in the context of equal protection); [Maehr](), 5 F.4th at 1109 (including rational-basis review in the context of substantive due process).

Ms. Blackford argues the district court abused its discretion on the substantive due process and equal protection claims by concluding the PHO does not implicate fundamental rights and applying rational-basis review. We hold the district court did not abuse its discretion in these ways. We also hold the district court did not abuse its discretion by concluding the PHO was likely rationally related to a legitimate government purpose.

**1. Fundamental Rights**

Fundamental rights are those rights that are "objectively, 'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if they were sacrificed.' " [Glucksberg](), 521 U.S. at 720–21 (first quoting [Moore v. City of E. Cleveland](), 431 U.S. 494, 501 (1977); and then quoting [Palko v. Connecticut](), 302 U.S. 319, 325 (1937)). Ms. Blackford contends the district court abused its discretion by failing to recognize the PHO infringes on the fundamental right to engage in one's chosen profession and the fundamental right to bodily integrity. We consider these rights in turn.

*a. Right to engage in one's chosen profession*

Ms. Blackford contends the district court abused its discretion when it concluded the right to engage in one's chosen profession is not a fundamental right that would subject the PHO to strict scrutiny. As she says, the Supreme Court has stated people have a right to work in common occupations. [Truax v. Raich](), 239 U.S. 33, 41 (1915) ("It requires no argument to show that the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the Amendment to secure."); [Meyer v. Nebraska](), 262 U.S. 390, 399 (1923) (noting the liberty guaranteed by the Fourteenth Amendment includes "the right ... to engage in any of the common occupations of life").[5] However, this court has explicitly held the "right to practice in [one's] chosen profession ... does not invoke heightened scrutiny" if subject to reasonable health and safety regulations. [Guttman v. Khalsa](), 669 F.3d 1101, 1118 (10th Cir. 2012); *cf.* [Conn v. Gabbert](), 526 U.S. 286, 291–92 (1999) (holding the "right to choose one's field of private employment" is "subject to reasonable government regulation" but suggesting the "complete prohibition of the right to engage in a calling" may be unreasonable). The district court properly relied upon this binding precedent in finding Ms. Blackford did not have a fundamental right to work unvaccinated in a hospital or congregate care facility. The district court therefore did not make a legal error and did not abuse its discretion when it concluded the PHO would not be subject to strict scrutiny even if it implicates the right to pursue a chosen profession.

*b. Bodily integrity*

**\*5** On appeal, Ms. Blackford also contends the PHO implicates the fundamental right of bodily integrity and the district court erred by failing to reach the same conclusion. In the request for a preliminary injunction, Ms. Blackford argued the PHO "[v]iolates ... the Fourth Amendment's protection of [b]odily [i]ntegrity." App. at 27. But she did not explain how the Fourth Amendment would apply in the context of her substantive due process or equal protection claims, nor did she cite any authority or include any argument supporting the conclusion. As a result, the district court did not address whether the PHO implicates the fundamental right to bodily integrity. This failure was not an abuse of discretion because Ms. Blackford did not adequately present the argument to the district court. S*ee* [Mitchell v. City of Moore](), 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [the plaintiff's] arguments for him.").

**2. Rational Basis**

Because the district court did not abuse its discretion in concluding the PHO does not infringe on a fundamental right that requires heightened scrutiny, it did not abuse its discretion by applying rational-basis review to the PHO. Nor did the district court abuse its discretion by concluding the PHO would likely satisfy rational-basis review.

Rational-basis review requires the government action to be "rationally related to legitimate government interests." *Glucksberg*, 521 U.S. at 728. State actions subject to rational-basis review are "presumed constitutional," and courts uphold the actions "if there is any reasonably conceivable state of facts that could provide a rational basis for" them. *Petrella v. Brownback*, 787 F.3d 1242, 1266 (10th Cir. 2015) (first quoting *Armour v. City of Indianapolis*, 566 U.S. 673, 681 (2012); and then quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).

In applying this standard, the district court found the PHO likely satisfies the rational-basis test. It explained the "governmental purpose of stemming the spread of COVID-19" is a compelling government interest. App. at 215 (citing *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020)). The district court also cited to evidence in the record of scientific studies at the time of the hearing showing the vaccines are generally safe and were believed to effectively reduce the spread of COVID-19.[6] Thus, the district court found the PHO was likely rationally related to a legitimate government purpose, and Ms. Blackford was not likely to succeed on her claims. This was not an abuse of discretion because it was supported by Supreme Court precedent and evidence in the record.

Because the district court did not abuse its discretion by concluding Ms. Blackford was not substantially likely to succeed on the merits of her substantive due process and equal protection claims, Ms. Blackford has not succeeded on an essential element for a preliminary injunction. Thus, we need not consider whether the district court erred on the remaining elements for a preliminary injunction. *See Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1302 (10th Cir. 2006) (affirming a denial of a preliminary injunction because the appellant had not shown a substantial likelihood of success on the merits).

### III. CONCLUSION

We AFFIRM the district court's order denying a preliminary injunction against the PHO.

Entered for the Court

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 2129071

---

**Footnotes**

1   Talisha Valdez also joins Ms. Blackford as a plaintiff in this action. Ms. Valdez challenges the PHO because it required 2021 New Mexico State Fair attendees to be fully vaccinated, and Ms. Valdez was opposed to being vaccinated but had plans to show animals at the State Fair. The 2021 New Mexico State Fair took place in September 2021, and Appellees removed the State Fair vaccine requirement from the PHO in December 2021. Amended Public Health Emergency Order Requiring All School Workers Comply with Certain Health Requirements and Requiring Congregate Care Facility Workers, Hospital Workers, and Employees of the Office of the Governor Be Fully Vaccinated and Receive Booster Vaccines, New Mexico Dep't of Health Office of the Secretary (Dec. 2, 2021), https://cv.nmhealth.org/wp-content/uploads/2021/12/PHO120221.pdf. Thus, Ms. Valdez's request for a preliminary injunction related to the State Fair vaccine requirement is moot, and we do not consider it on appeal. *Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015). The Amended PHO does not render Ms. Blackford's request for a preliminary injunction moot, however, because it continues to require hospital workers and congregate care facility workers to be vaccinated. *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 742 (M.D. Tenn. 2021) (holding a COVID-19-related executive order was not moot after it was amended because "the challenged provisions ... have been repeated" in the amended order); *see also Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68–69 (2020) (holding a request for an injunction against a regulation limiting how many people can attend religious services based on the number

TALISHA VALDEZ, on behalf of herself and others..., Not Reported in Fed....

Appellate Case: 22-1027     Document: 010110698456     Date Filed: 06/16/2022     Page: 6

of COVID-19 cases in an area was not moot after the restriction was lightened because there was a constant threat that the strict restrictions would go into effect again).

2   Ms. Blackford also alleges the PHO violates the Federal Food, Drug, and Cosmetic Act (the "FDCA"), procedural due process, and the New Mexico Constitution. On appeal, however, Ms. Blackford does not argue the FDCA or procedural due process claims support her request for a preliminary injunction, and she does not provide argument or support related to her claim under the state constitution. *See* Appellants Br. at 11 (arguing only that "the District Court's declination of supplemental jurisdiction [of the state constitutional claim] based upon the denial of preliminary injunction based upon an incorrect reading of the law is ... not proper"). As such, Ms. Blackford has waived these arguments, and we do not consider these three claims in this appeal. *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020).

3   The Supreme Court upheld the IFC in *Biden v. Missouri*, 142 S. Ct. 647, 653 (2022).

4   Alternatively, when plaintiffs raise a substantive due process claim challenging an executive action, we ask instead whether the government action "shocks the judicial conscience." *Halley v. Huckaby*, 902 F.3d 1136, 1153 (10th Cir. 2018). The district court applied the fundamental-right test because the PHO is "akin to a legislative action." App. at 209 (quoting *ETP Rio Rancho Park, LLC v. Grisham*, 522 F. Supp. 3d 966, 1029 (D.N.M. Feb. 26, 2021)). The district court did not abuse its discretion by applying the fundamental-right test because the PHO "attempt[s], through policy, to achieve a stated government purpose," like a legislative act. *Abdi v. Wray*, 942 F.3d 1019, 1028 (10th Cir. 2019).

5   Ms. Blackford also cites *Barry v. Barchi*, 443 U.S. 55 (1979), to support her assertion that she has a fundamental right to pursue her chosen profession. That reliance is misplaced. In *Barry*, the Supreme Court considered whether a regulation governing the licensure of horse trainers violated procedural due process and the Equal Protection Clause. *Id.* at 61–62. The Court held the horse trainer's license was a property interest that warranted a post-deprivation hearing to satisfy the procedural due process requirements. *Id.* at 66. The Court also concluded that the horse training regulation did not violate equal protection even though the laws treated thoroughbred and harness racing differently. *Id.* at 67. The Court did not conclude the horse trainer had a fundamental right to pursue his chosen profession of horse training.

6   If more research and data become available about the vaccines' effectiveness at preventing infections or limiting the spread of COVID-19, the parties may seek further relief that would be evaluated based on that new evidence. A vaccine mandate that was reasonable at the height of the pandemic may become less rational if the health science changes.

End of Document                                 © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.                        6