

**ThomasMore**
**SOCIETY**   A national public interest law firm defending life, family and religious liberty.

October 6, 2022

By ECF

Tenth Circuit Clerk of Court
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

      **Re:**    **Response to Defendants' Letter of Supplemental Authority in *Doe v. Bd.*** ***of Regents of the Univ. of Col.*, Nos. 21-1414 and 22-1027**

Dear Tenth Circuit Clerk:

      Defendants' 28(j) letter on October 4, 2022, wrongly argues that the district court's recent dismissal of all claims by Jane Does 2 and 7, and John Doe 6, has mooted their pending appeal of the district court's denial of a preliminary injunction. Defendants are wrong because the district court "did not direct entry of *final* judgment . . . under Federal Rule of Civil Procedure 54(b)," and thus the pending "appeal from the denial of a preliminary injunction . . . is not moot." *Wellington v. Daza*, 795 F. App'x 605, 607-08 (10th Cir. 2008) (emphasis in original). Indeed, the district court has not entered a Rule 54(b) certification both "determin[ing] that its judgment is final," *and* "expressly determin[ing] that there is no just reason for delay." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265-66 (10th Cir. 2005).

309 W. Washington Street | Suite 1250 | Chicago, IL 60606 | P: 312.782.1680 | thomasmoresociety.org
*"Injustice anywhere is a threat to justice everywhere."* - Dr. Martin Luther King

Moreover, such certification would likely not be proper as to Jane Doe 2 and John Doe 6, since the basis for the alleged mootness of their claims also applies to multiple other Plaintiffs. *See* Order at 8 (Jane Doe 2's claims moot because allegedly "*Plaintiffs* have not shown [] damages are available"); *see id.* (John Doe 6's claims moot because "[m]ost of the relief *Plaintiffs* seek is barred by Defendants'" alleged immunity, and the September 24 Policy "unequivocally bars religious accommodations *for students*") (emphasis added). Thus "the nature of [their] claims" are not "separable from the others," and this "appellate court would have to decide the same issues more than once [] if there [are] subsequent appeals." *Stockman's Water Co., LLC*, 425 F.3d at 1265 (internal quotations omitted).

Notably, the district court found even these three Plaintiffs' claims for damages to be moot (*see, e.g.*, JA Vol.V at 1094, ¶229; 1096, ¶239; 1102, (C)), even though, as Plaintiffs noted to the district court (*see* ECF No. 81 at 14, n.11), a "claim for damages . . . saves [the case] from the bar of mootness." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 n.17 (10th Cir. 2019) (alterations in original).

Respectfully submitted,

/s/ *Michael McHale*
Michael G. McHale
THOMAS MORE SOCIETY
10506 Burt Circle, Ste. 110
Omaha, NE 68114
402-501-8586
mmchale@thomasmoresociety.org

309 W. Washington Street | Suite 1250 | Chicago, IL 60606 | P: 312.782.1680 | thomasmoresociety.org
*"Injustice anywhere is a threat to justice everywhere."* - Dr. Martin Luther King

Peter Breen
THOMAS MORE SOCIETY
309 W. Washington, Ste. 1250
Chicago, IL 60606
312-782-1680
pbreen@thomasmoresociety.org


c: All counsel of record (via ECF)


*The body of this letter is 346 words in compliance with Rule 28(j).

309 W. Washington Street | Suite 1250 | Chicago, IL 60606 | P: 312.782.1680 | thomasmoresociety.org
*"Injustice anywhere is a threat to justice everywhere."* - Dr. Martin Luther King